PEOPLE, Respondent, v. ALLEN McDONALD, Appellant.

## No. 1624; June 30, 1868.

**Continuance.**—Except on a Showing of Abuse of Discretion on the part of the trial judge, his action in disposing of a motion for a continuance is not subject to interference on appeal.

**Larceny.**—When a Charge to the Jury Defines Grand Larceny correctly as "the felonious stealing, taking, carrying away," etc., and in the next sentence tells the jury that if they find the defendant "did steal, take, carry away," etc., the property, naming it and its owner and stating its value as of fifty dollars or more, the omission of the word "feloniously" in the latter sentence is not reversible error, since "felonious" in the preceding sentence prevented the jury from being led astray.

APPEAL from County Court, Tuolumne County.

Attorney General for respondent; E. A. Rodgers for appellant.

CROCKETT, J.—The defendant was indicted for grand larceny, and having been convicted on the trial, has appealed from the judgment, and from an order denying a motion for new trial.

Three errors are assigned, to wit: 1st, that the court erred in refusing to continue the cause on the application of the defendant; 2d, that the court erred in its charge to the jury; 3d, that the court should have granted a new trial on the ground that the verdict was not supported by the evidence.

Neither of these points is tenable—except in case of an abuse of its discretion by the district court, this court will not interfere with its action in granting or refusing a continuance. We discover no such abuse in this case. On the contrary, it is evident from the defendant's affidavit, and the

testimony given on the trial, that the evidence of the absent witness would not materially have affected the result. The charge of the court, taken as a whole, correctly stated the law—after defining correctly the crime of grand larceny as the felonious stealing, taking, carrying away, leading or driving away the personal goods or property of another of the value of fifty dollars or more, the court proceeded, in the next sentence, to charge the jury that if the defendant "did steal, take, carry, lead or drive away, the six oxen, the property of said Murray, and that they were of the value of fifty dollars or more," he should be found guilty of grand larceny. It is objected that the word "feloniously" was omitted from this portion of the charge. If the sentence we have quoted stood alone, unexplained by the context, the objection would be well taken. But the two sentences, construed together, could not well be misunderstood. It is so obvious that the stealing, taking, carrying, leading or driving away, in the second sentence, refer to the "felonious" stealing, taking, etc., in the next preceding sentence, that it is impossible the jury could have been led astray by the omission of the word "feloniously."

Instead of being contrary to the evidence, we think the verdict is fully supported by the evidence.

Judgment affirmed.

We concur: Sprague, J.; Sanderson, J.; Sawyer, C. J.